STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
GREGG E. WILLIAMS, RESPONDENT.
684 N.W.2d 45

Filed July 30, 2004.   No. S-04-331.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Gregg E. Williams, was admitted to the practice of law in the State of Nebraska on February 15, 1985. Respondent was engaged in the private practice of law in Sioux City, Iowa. On

February 13, 2004, the office of the Counsel for Discipline received a grievance against respondent. Respondent's alleged misconduct involved the misappropriation of funds from his former law firm, resulting, in certain circumstances, in the erroneous billing of clients for expenses that had not been incurred. On March 12, an application for temporary suspension was filed by the Chair of the Committee on Inquiry of the First Disciplinary District. Upon consent, on March 17, respondent was temporarily suspended from the practice of law until further order of this court.

## FACTS

On July 1, 2004, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent stated that he "knowingly [does] not challenge or contest the truth of the allegations" in the grievance that he misappropriated funds from his former law firm. In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law, admitted in writing that he knowingly does not challenge or contest the truth of the allegations, and waived all proceedings against him in connection therewith. We further find that respondent has not challenged or contested the truth of the allegations that he misappropriated funds

from his former law firm and that respondent has consented to the entry of an order of disbarment. We further find that Williams has admitted to facts which are not consistent with adherence to the Code of Professional Responsibility or his oath of office as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997).

## CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent knowingly did not challenge or contest the truth of the allegation that he misappropriated funds from his former law firm and that his waiver was knowingly made. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.